# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM B. MAYBIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16CV525 CEJ |
| ) | |
| CORIZON HEALTHCARE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff William B. Maybin for appointment of counsel and for review of the amended complaint pursuant to 28 U.S.C. § 1915(e).

Plaintiff, an inmate at the Potosi Correctional Center ("PCC") brings this 42 U.S.C. § 1983 action for alleged constitutional violations against Corizon Healthcare and Dr. William McKenney. Plaintiff's first claim in the amended complaint is that Dr. McKenney was deliberately indifferent to his serious medical needs, in violation of his Eighth Amendment rights. Plaintiff alleges that he has experienced chronic pain in his hips, knees, and back, and that he has suffered from arthrosis, arthritis, carpal tunnel syndrome and facial neuralgia. It appears that Dr. McKenney has treated plaintiff primarily with Nortriptyline which plaintiff claims has been ineffective. Plaintiff alleges that, despite the fact that he continues to suffer severe pain, Dr. McKenney has not pursued other treatment methods. Plaintiff sues Dr. McKenney in his individual capacity. As his second claim, plaintiff alleges that Corizon fails to employ sufficient numbers of medical staff and knowingly hires incompetent medical personnel,

1

in furtherance of a "profit over prisoners" policy.

The Court has reviewed the amended complaint pursuant to 28 U.S.C. § 1915(e), and finds that it is neither frivolous nor malicious, and that it adequately states a claim against the two defendants. The Court will issue process on these two claims.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (citation omitted). The decision to appoint counsel is therefore within the Court's discretion. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including the factual complexity of the case; the plaintiff's ability to investigate the facts and present his claim; whether the plaintiff can afford to hire an attorney and has made a good-faith effort to retain one; and whether the nature of the litigation is such that the plaintiff and the Court would benefit from the assistance of counsel. *Stevens*, 146 F.3d at 546; *Slaughter v. City of Maplewood*, 731 F.2d 587, 590 (8th Cir. 1984).

After careful consideration of the instant motion, the Court concludes that the appointment of counsel is not warranted at this time. Plaintiff's claims are neither factually nor legally complex. Plaintiff does not allege, nor is it apparent, that investigation of the facts surrounding his claims would be beyond his capability. Plaintiff has demonstrated his ability to adequately present his claims to the Court. While plaintiff states in his motion that he has made diligent efforts to find an attorney to represent him, he does not explain such efforts to the Court. Finally, plaintiff's claims do not involve overly complex issues of law. For all of these reasons, it cannot be said at this time that the appointment of counsel would be sufficiently beneficial to plaintiff and the Court. If it later appears that appointment of counsel is necessary and

2

appropriate, the Court will reconsider plaintiff's request.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Appoint Counsel (Docket No. 14) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue process or cause process to issue on the amended complaint as to Corizon Healthcare in its official capacity and as to Dr. William McKenney in his individual capacity, pursuant to the service agreement with Corizon.

Dated this 21st day of October, 2016.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE