UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM B. MAYBIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:16-cv-525-RWS ) |
| CORIZON HEALTHCARE, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff William B. Maybin for the appointment of counsel. (Docket No. 76). The motion will be denied without prejudice.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (citation omitted). The decision to appoint counsel is therefore within the Court's discretion. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including the factual complexity of the case, the plaintiff's ability to investigate the facts and present his claim, whether the plaintiff can afford to hire an attorney and has made a good-faith effort to retain one, and whether the nature of the litigation is such that the plaintiff and the Court would benefit from the assistance of counsel. *Stevens*, 146 F.3d at 546; *Slaughter v. City of Maplewood*, 731 F.2d 587, 590 (8th Cir. 1984).

After careful consideration of the instant motion, the Court concludes that the appointment of counsel is not warranted at this time. This case is neither factually nor legally complex. Throughout this litigation, plaintiff has demonstrated himself to be well able to present

his claims to the Court. Finally, while plaintiff may be unable to afford an attorney, he has made no attempt to demonstrate that he has made a good-faith effort to retain one. For all of these reasons, it cannot be said at this time that the appointment of counsel would be sufficiently beneficial to plaintiff and the Court. Plaintiff's motion will be denied without prejudice. If he wishes, he may file a motion to appoint counsel in the Eighth Circuit Court of Appeals.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Appoint Counsel (Docket No. 76) is **DENIED** without prejudice.

Dated this 2nd day of October, 2017.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE